UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

KEY CONSTRUCTION SERVICES, LLC

                              Plaintiff,

-against-

WERNERT CONSTRUCTION MANAGEMENT, LLC and
TRAVELERS CASUALTY and SURETY COMPANY of
AMERICA, INC.
                            Defendants.
_____

CASE NUMBER:
7:16-cv-3145

COMPLAINT
JURY TRIAL DEMANDED

      Plaintiff, Key Construction Services, LLC, as and for its complaint against the defendants herein, alleges:

      1. Plaintiff, at all times hereinafter stated, was and is a domestic Limited Liability Company, organized and existing pursuant to the laws of the State of New York, with principal office and place of business at 327-329 Main Street, Poughkeepsie, New York.

      2. Upon information and belief and at all times hereinafter set forth, the defendant, Wernert Construction Management LLC (hereafter "Wernert"): was and still is a foreign limited liability company, with a principal office at 76 Valley Road, Cos Cob, Connecticut; has as its members citizens of the state of Connecticut; is duly organized under the laws of Connecticut; is not qualified to do business in the State of New York; and is engaged in the business of general construction in the State of New York.

      3. Upon information and belief, and at all times hereinafter set forth, the defendant Travelers Casualty and Surety Company of America, Inc. (hereafter "Travelers") was and still is a foreign insurance company with principal offices at 300 Windsor Street, Hartford, Connecticut, is duly organized under the laws of the State of Connecticut, is duly licensed and qualified to do

business in the State of New York and is engaged in the business of an insurance company, and the bonding of various public improvement contractors and others in the State of New York.

## JURISDICTION AND VENUE

### Diversity Jurisdiction

4. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C.A. 1332 because the amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000.00) Dollars, the minimum jurisdictional limits of this court and the parties are citizens of different states. As discussed above, plaintiff is a citizen of New York for purposes of jurisdiction and defendants are citizens of Connecticut.

### Personal Jurisdiction

5. This court has personal jurisdiction over defendant Travelers because this lawsuit arises out of, and is connected with a public improvement payment bond issued by defendant Travelers covering work performed and materials delivered by plaintiff to the Rye City School District in Westchester County, New York.

6. This court has personal jurisdiction over defendant Wernert because this lawsuit arises out of a construction sub-contract executed by defendant Wernert as general contractor and plaintiff as sub-contractor, and a payment bond delivered by defendants Wernert and Travelers to cover payment for work performed and materials delivered by plaintiff to the Rye City School District in Westchester County, New York.

### Venue

7. Venue is proper in this district pursuant to 28 U.S.C.A. 1391(a) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COUNT I

## ACTION ON STATUTORY PAYMENT BOND PURSUANT TO NEW YORK STATE FINANCE LAW SECTION 137

8. Upon information and belief, on or about May 24, 2013 Wernert Construction Management, LLC ("Contractor" or "Wernert") entered into a contract with the Rye City School District, with a principal place of business at 411 Theodore Fremd Avenue, Suite 100S, Rye, Westchester County, New York, whereby defendant Wernert agreed to furnish material and perform labor for the construction of certain permanent buildings to be known as "Rye City School District Science Laboratory Addition & Interior Renovations, New York State Education Number 66-18-00-01-0-005-027; Contract #1-General Construction." Reference is hereby made to said contract for the specific terms and provisions thereof including the dates thereof.

9. Heretofore and on or about the 24th day of May 2013 the defendants Wernert and Travelers, pursuant to New York State Finance Law § 137, executed and delivered to the Rye City School District an undertaking in writing subscribed by said defendants guaranteeing prompt payment of monies due to all persons supplying defendant Wernert with labor and materials employed and used in carrying out said contract and said bond inures to the benefit of the persons supplying such labor and materials. A copy of said undertaking is hereto annexed and made a part hereof, designated as "Exhibit 1."

10. On or about July 18, 2013, the plaintiff entered into an agreement with defendant Wernert to furnish materials, labor for performance of a portion of said work on said public improvement and thereafter, the plaintiff in accordance with the said agreements supplied material and labor in connection with the construction of said public improvement by the contractor.

11. The plaintiff duly performed all of the conditions of said agreements on its part to be performed.

12. That the material and labor furnished by the plaintiff were necessary for performance by defendant Wernert of its contract with the Rye City School District and the same were furnished to and performed defendant Wernert for the construction of said public improvement and the same were duly accepted and approved by the defendant Wernert and the Rye City School District through their respective agents, representatives and engineers thereunto duly authorized.

13. That there is still due and owing to the plaintiff the sum of TWO HUNDRED SIXTY-THREE THOUSAND, FOUR HUNDRED FIFTY-THREE Dollars and TWENTY-SEVEN cents ($263,453.27) with interest, for and on account of furnishing said material and labor, and no part of said sum has been paid although payment thereof has been duly demanded of the Contractors.

14. That upon information and belief, the construction of said public improvement has not been completed and accepted by the Rye City School District. Ninety days has elapsed since the payment became due.

15. That said defendants have refused and failed to pay the plaintiff said sum of TWO HUNDRED SIXTY-THREE THOUSAND, FOUR HUNDRED FIFTY-THREE Dollars and TWENTY-SEVEN cents ($263,453.27) which is due and owing; that plaintiff has performed all the conditions of said contract on its part to be performed and ninety (90) days has elapsed since the payment became due.

16. The defendant Travelers is obligated by its bond, hereinbefore referred to, to pay the amount due, namely TWO HUNDRED SIXTY-THREE THOUSAND, FOUR HUNDRED FIFTY-THREE Dollars and TWENTY-SEVEN cents ($263,453.27) but has failed to do so.

## COUNT II

## BREACH OF CONTRACT

17. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs 1 through 16 with the same force and effect as if fully alleged herein.

18. On or about July 18, 2013, the plaintiff entered into a sub-contract agreement with defendant Wernert to furnish materials, labor for performance of a portion of said work on said public improvement and thereafter, the plaintiff in accordance with the said agreements supplied material and labor in connection with the construction of said public improvement by the contractor.

19. The plaintiff duly performed all of the conditions of said agreements on its part to be performed.

20. That the material and labor furnished by the plaintiff were necessary for performance by defendant Wernert of its contract with the Rye City School District and the same were furnished to and performed for defendant Wernert for the construction of said public improvement and the same were duly accepted and approved by defendant Wernert and the Rye City School District through their respective agents, representatives and engineers thereunto duly authorized.

21. That there is still due and owing to the plaintiff the sum of TWO HUNDRED SIXTY-THREE THOUSAND, FOUR HUNDRED FIFTY-THREE Dollars and TWENTY-SEVEN cents ($263,453.27) with interest, for and on account of furnishing said work, labor, services and materials and no part of said sum has been paid although payment thereof has been duly demanded of the Contractors.

22. As a result of defendant Wernert's refusal to pay, the defendant Wernert breached its agreement with plaintiff.

## COUNT III

## QUANTUM MERUIT

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 22 with the same force and effect as if fully alleged herein.

24. The plaintiff performed the work labor and services and provided the materials hereinabove alleged in good faith to the defendant Wernert from July 18, 2013 through August 31, 2015.

25. The defendant Wernert accepted said services and materials.

26. The plaintiff reasonably expected to be compensated for the work labor and services and materials provided herein.

27. The reasonable value of the services rendered but not paid for is TWO HUNDRED SIXTY-THREE THOUSAND, FOUR HUNDRED FIFTY-THREE Dollars and TWENTY-SEVEN cents ($263,453.27)

WHEREFORE, plaintiff demands judgment as follows:

On the first count against the defendants herein, money judgment in the sum of TWO HUNDRED SIXTY-THREE THOUSAND, FOUR HUNDRED FIFTY-THREE Dollars and TWENTY-SEVEN cents ($263,453.27) with interest thereon from the 31st day of August 2015, and

On the second count against the defendant Wernert, money judgment in the sum of TWO HUNDRED SIXTY-THREE THOUSAND, FOUR HUNDRED FIFTY-THREE Dollars and TWENTY-SEVEN cents ($263,453.27) with interest thereon from the 31st day of August 2015,

On the third count against the defendant Wernert, money judgment in the sum of TWO HUNDRED SIXTY-THREE THOUSAND, FOUR HUNDRED FIFTY-THREE Dollars and TWENTY-SEVEN cents ($263,453.27) with interest thereon from the 31st day of August 2015,

together with attorneys' fees, the costs and disbursements of this action.

Dated: LaGrange, New York
April 27, 2016

Stephen P. O'Hare, PLLC

By: _____
Stephen P. O'Hare (SO-0631)
Attorney for Plaintiff
1214 Route 55, Suite A
LaGrangeville, New York 12540
(845)452-4090
sohare@oharelaw.attys.pro